IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BENJAMIN E. PERVISH,

        Petitioner,

    v.

BRANDON KELLY,

        Respondent.

Case No. 6:17-cv-01129-HZ

OPINION AND ORDER

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

1 – OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Multnomah County convictions dated September 29, 2006. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#58) is denied.

## BACKGROUND

Kristy Kelly, Angela Walford, and Teresa McAllister worked for Petitioner as prostitutes. The three women initially began working for Petitioner voluntarily, but continued with the working relationship due to Petitioner's threats, assaultive behavior, and intimidation tactics. McAllister ultimately informed authorities about her involuntary arrangement with Petitioner, leading to his arrest.

Following his initial Indictment dated January 9, 2001, the Multnomah County Grand Jury re-indicted Petitioner the following month on a total of 40 charges pertaining to Kelly, Walford, and McAllister: 24 counts of promoting prostitution, 15 counts of compelling prostitution, and one count of tampering with a witness. Respondent's Exhibits 102 & 103. The trial court granted Petitioner's unopposed motion for judgment of acquittal as to two counts of promoting prostitution (Counts 10 and 20) and one count of compelling prostitution (Count 30) where there was no named victim for those charges. A non-unanimous jury convicted Petitioner of the remaining 37 counts, and the trial court sentenced him to 450 months in prison. Trial Transcript, pp. 761-64.

2 – OPINION AND ORDER

Petitioner took a direct appeal wherein he raised six assignments of error. As one of those assignments of error, he alleged that the trial court erred when it failed to instruct the jury on each promoting prostitution and compelling prostitution charge that at least 10 of its members must agree on a specific factual incident involving a particular victim. Because he had not requested such an instruction at trial, the assignment of error was unpreserved for appellate review. As a result, he could only prevail if he established "plain" error, *i.e.*, that the trial court's errors were obvious and not reasonably in dispute. *See Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991). The Oregon Court of Appeals determined that Petitioner met this standard with respect to promoting prostitution Counts 33 and 35 because, without a concurrence instruction, the jury might have been confused as to the alleged conduct underlying each count. *State v. Pervish*, 202 Or. App. 442, 461-63, 123 P.3d 285 (2005). The Oregon Court of Appeals therefore remanded the case back to the trial court for further proceedings on Counts 33 and 35.

The Oregon Court of Appeals also reversed Petitioner's Count 31 conviction (without possibility for retrial) for witness tampering as to Kelly because, as the State conceded, Kelly had not been summoned to any official proceeding at the time Petitioner attempted to prevent her from testifying. *Id* at 467. The Oregon Court of Appeals otherwise affirmed the trial court's decision, and the Oregon Supreme Court denied review. 340 Or. 308, 132 P.3d 28 (2006).

3 – OPINION AND ORDER

Upon remand, the trial court granted the State's motion to dismiss Counts 33 and 35 and sentenced Petitioner to an aggregate 420-month prison term. Petitioner once again appealed, but the Oregon Court of Appeals affirmed the resentencing proceedings without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Pervish,* 225 Or. App. 219, 200 P.3d 642, *rev. denied,* 346 Or. 213, 208 P.3d 963 (2009).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where, pertinent to this habeas corpus case, he alleged that his trial attorney was ineffective for failing to request a jury concurrence instruction to ensure that at least 10 jurors agreed as to which facts supported each guilty verdict. Respondent's Exhibit 122. The PCR court denied relief on all of his claims. Respondent's Exhibit 171. The Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Pervish v. Premo*, 249 Or. App. 444, 380 P.3d 1231 (2016), *rev. denied,* 361 Or. 350, 393 P.3d 1182 (2017).

On August 26, 2020, and with the assistance of appointed counsel, Petitioner filed his Second Amended Petition for Writ of Habeas Corpus wherein he raises six grounds for relief (which include several sub-claims). Respondent asks the Court to deny relief on the Second Amended Petition because: (1) Petitioner fails to sustain his burden of proof on the claims he does not argue in his briefing; (2) Petitioner failed to fairly present most of his argued claims to Oregon's state courts, leaving them procedurally defaulted; and (3) the PCR court's decision denying

4 – OPINION AND ORDER

relief on the ineffective assistance of counsel claim contained within Ground I(A)(1) was reasonable.

## DISCUSSION

I. **Unargued Claims**

Among the many claims contained within his Second Amended Petition, Petitioner limits his briefing to the following:

> I(A): Trial counsel was ineffective when he failed to: (1) request a jury concurrence instruction; and (2) compel the State to supply sufficient information regarding each count to allow Petitioner to defend against it;
>
> I(E): Trial counsel was ineffective for failing to move for a judgment of acquittal on Counts 37 and 40 (compelling prostitution) on the basis that evidence of the specific act of compulsion the State used to prove those charges had not been presented to the Grand Jury;
>
> I(G): Appellate counsel was ineffective for failing to argue that the imposition of consecutive sentences on various counts was contrary to Oregon law;
>
> II: The trial court violated Petitioner's right to due process when it unlawfully imposed consecutive sentences;
>
> III: The prosecutor engaged in misconduct when he failed to disclose to Petitioner that McAllister had agreed to testify against him in exchange for, or in hopes of, receiving benefits from the State regarding her participation in a robbery in Hood River County; and
>
> IV: The trial court violated Petitioner's right to a jury trial and to due process when it failed to require that at least 10 jurors concur as to the factual basis for

5 – OPINION AND ORDER

> each charge of promoting prostitution and each count of compelling prostitution.

Petitioner does not argue the merits of his remaining claims, nor does he address any of Respondent's arguments as to why relief on these claims should be denied. As such, Petitioner has not carried his burden of proof with respect to these unargued claims. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (Petitioner bears the burden of proving his claims). Even if Petitioner had briefed the merits of these claims, the Court has examined them based upon the existing record and determined that they do not entitle him to relief.

## II.  **Exhaustion and Procedural Default**

Respondent asserts that, with the exception of Ground I(A)(1), Petitioner failed to fairly present any of his argued claims to Oregon's state courts, leaving them ineligible for federal habeas corpus review because Petitioner is no longer entitled to pursue the claims in state court. Petitioner has not responded to these procedural arguments.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal

error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner argues several of the ineffective assistance of counsel claims he raises within Ground I of his Second Amended Petition, but he presented only a single claim of ineffective assistance of counsel to the Oregon Supreme Court during his PCR review: whether trial counsel was ineffective when he failed to "ask for a jury concurrence instruction when [he] was charged with multiple counts of promoting prostitution and multiple

7 – OPINION AND ORDER

counts of compelling prostitution where many different factual scenarios were presented to the jury to support each count[.]" Respondent's Exhibit 174, p. 5. This claim corresponds to Ground I(A)(1) of the Second Amended Petition. Where Petitioner failed to fairly present Grounds I(A)(2), I(E), and I(G) to Oregon's state courts, and because the time to do so passed long ago, those claims are procedurally defaulted.

As Ground II, Petitioner asserts that the trial court's imposition of consecutive sentences violates the Fourteenth Amendment. Although his Petition for Review in the Oregon Supreme Court challenged the legality of his consecutive sentences, it did so only as a matter of state law when Petitioner argued that the trial court failed to comply with ORS 137.123. Respondent's Exhibit 115. Petitioner did not reference the Fourteenth Amendment or any other federal law. *Id.* This omission is critical because a litigant must specifically indicate the federal nature of his claim at each and every level of his state court proceedings in order to fairly present the issue and preserve it for federal habeas corpus review. *Reese v. Baldwin*, 541 U.S. 27, 32 (2004). "If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("mere similarity of claims is insufficient to exhaust."). Accordingly, Petitioner

failed to fairly present his Ground II due process claim to Oregon's state courts, and the claim is now defaulted.

As Ground III, Petitioner alleges that the prosecutor engaged in misconduct by failing to disclose that McAllister agreed to testify in exchange for favorable treatment in her own criminal case in Hood River County. Petitioner raised no such claim in his Petition for Review to the Oregon Supreme Court, leaving the claim procedurally defaulted.[1] Respondent's Exhibit 174.

Finally, as Ground IV, Petitioner contends that the trial court erred when it failed to instruct the jury on concurrence with respect to each charge of promoting prostitution and compelling prostitution, depriving him of his rights to a jury trial and to due process. However, as Petitioner conceded during his direct appeal, he failed to preserve the claim for appellate review. Respondent's Exhibit 104, p. 15 ("defendant acknowledges that this claim of error is not preserved."). As recounted in the Background of this Opinion, with the exception of Counts 33 and 35 which are not at issue in this case, the Oregon Court of Appeals declined to excuse the procedural deficiency and reach the merits of claim because he failed to demonstrate that the trial court's failure to give a concurrence instruction amounted

---

[1] At the end of his supporting memorandum, Petitioner asks the Court to allow him to subpoena the Hood River County and Multnomah County District Attorneys to produce any documents they have regarding Ms. McAllister. Petitioner has not demonstrated the good cause necessary to justify discovery in a habeas corpus case, especially where this claim is procedurally defaulted and ineligible for merits review. *See Bracy v. Gramley,* 520 U.S. 899, 908-909 (1997) (good cause is shown where specific allegations show that there is reason to believe a litigant might be entitled to relief); Rule 6(a) of the Rules Governing Section 2254 Cases.

to "plain error" under Oregon law. *Pervish,* 202 Or. App. at 459-60. In this regard, Petitioner failed to present Ground IV to Oregon's state courts in a procedural context in which those courts actually considered the merits of the claim. *See Wainright v. Sykes,* 433 U.S. 72, 88-90 (1977) (recognizing the importance of honoring state contemporaneous objection rules in federal habeas corpus proceedings). Because Petitioner may no longer raise his Ground IV claim in Oregon's state courts, it is procedurally defaulted.

### III. The Merits

As Ground I(A)(1), Petitioner alleges that his trial attorney was constitutionally ineffective when he failed to request a jury concurrence instruction where the State's evidence tended to show a greater number of offenses than were actually charged in the case. He emphasizes that his case reflected a large number of incidents of prostitution involving many different clients at a variety of locations. Given these variables, and in the absence of a concurrence instruction, he reasons that the jury impermissibly rested its guilty verdicts as to the promoting prostitution and compelling prostitution charges on disparate factual underpinnings.

#### A. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or

10 – OPINION AND ORDER

(2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A state court

11 – OPINION AND ORDER

renders an unreasonable determination of the facts if it "plainly misapprehends or misstates the record in making its findings or where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Andrew v. Davis,* 944 F.3d 1092, 1107 (9th Cir. 2019) (internal quotations omitted). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

B. **Analysis**

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is

12 – OPINION AND ORDER

whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

In *State v. Boots,* 308 Or. 371, 780 P.2d 725 (1989), the Oregon Supreme Court held that Oregon juries must agree as to all material elements of a crime in order to properly convict a criminal defendant. Shortly before Petitioner's trial, the Oregon Supreme Court stated, "It has been clear in Oregon, at least since *Boots*, that a jury must be instructed concerning the necessity of agreement on all material elements of a charge in order to convict." *State v. Lotches,* 331 Or. 455, 472, 17 P.3d 1045 (2000). As a result, if a prosecutor does not specifically elect the occurrence on which the State wishes to proceed as to a particular charge, the defendant is entitled to a "*Boots*" instruction to ensure concurrence.

The viability of Petitioner's ineffective assistance of counsel claim necessarily relies upon the applicability of *Boots* to his case. Oregon's state courts issued two written decisions addressing this question. First, during his direct appeal,

13 – OPINION AND ORDER

Petitioner argued that the trial judge erred by failing to give a *Boots* instruction with regard to the numerous promoting prostitution and compelling prostitution charges he faced. The Oregon Court of Appeals focused its analysis on whether the jury needed clarity on the identity of each customer, and concluded that whether such information was a material element of the crime (thus requiring a *Boots* instruction) or simply a factual detail (not necessitating a *Boots* instruction) was subject to reasonable dispute. *Pervish*, 202 Or. App. at 459-64. Accordingly, aside from the reversal of Petitioner's convictions on Counts 33 and 35 discussed above, the Oregon Court of Appeals concluded that because the resolution of the *Boots* issue was subject to reasonable dispute, Petitioner failed to overcome his failure to preserve the issue in the trial court. *Pervish,* 202 Or. App. at 459-467. The Oregon Court of Appeals therefore did not resolve the merits of the *Boots* issue with respect to the convictions Petitioner challenges in this habeas case.

When Petitioner raised his Ground I(A)(1) ineffective assistance of counsel claim during his state collateral review, the PCR court squarely addressed the concurrence issue and determined that a *Boots* instruction was not required under the facts of Petitioner's case:

> 4. It is not required that the state prove who each of the customers was for each act of prostitution. That would usually be impossible and ludicrous. It must prove that there were as many customers as counts. There was sufficient evidence in this case on that issue.

14 – OPINION AND ORDER

> 15. This is not a case in which the concurrence instruction is required. The jurors did not have to agree on any particular incident of prostitution committed with any particular "john." They simply had to agree on how many acts of prostitution were committed. Similarly, the state was not required to elect [the occurrence on which it was proceeding].

Respondent's Exhibit 171, p. 5.

The PCR court's determination that Petitioner's case did not require a *Boots* instruction is binding on this Court. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Where no such instruction was required, trial counsel's performance did not fall below an objective standard of reasonableness when he did not request one, and Petitioner cannot establish that he suffered prejudice as a result of trial counsel's performance.

Petitioner points out that Oregon's state courts began to apply the *Boots* instruction more expansively in the years following his 2001 trial. *See, e.g., State v. Pipkin,* 354 Or. 513 (2013); *State v. Ashkins,* 357 Or. 642 (2015); *Mellerio v. Nooth*, 279 Or. App. 419, 379 P.3d 560 (2016); *State v. Rolfe*, 304 Or. App. 461, 468 P.3d 503 (2020). Oregon's development of its case law well after Petitioner's trial does not empower this Court to disagree with the PCR court's interpretation of state law. *See Estelle,* 502 U.S. at 67 (the correctness of a state-court ruling on a state evidentiary issue "is no part of a

15 – OPINION AND ORDER

federal court's habeas review of a state conviction."); *see also Kleve v. Hill,* 243 F.3d 1149, 1151 (9th Cir. 2001). Even if this were not so, and further assuming changes in Oregon law since Petitioner's trial establish that he would now be entitled to a *Boots* instruction under the facts of his case, he would be unable to prevail on his ineffective assistance of counsel claim because he cannot fault his attorney for not anticipating changes to Oregon law that occurred well after his trial concluded. "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690). For all of these reasons, the PCR court's decision to deny relief on Ground I(A)(1) did not depend upon an unreasonable factual determination, nor did it involve an unreasonable application of clearly established federal law.

## CONCLUSION

For the reasons identified above, the Second Amended Petition for Writ of Habeas Corpus (#58) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

June 9, 2022  
DATE

Marco A. Hernandez  
United States District Judge